Deaderick, J.,
delivered the opinion of the Court.
In January, 1860, Myers obtained judgment in the Circuit Court of Maury county against Ed. F. Lee and others for $1,270.40. Execution issued in December, 1860, and was levied by the Sheriff, Cusby, on *710 three small negroes as the property of Lee. A delivery bond was executed on the 18th of December, 1860, by the defendants in the execution, and William Galloway, the plaintiff in error, as their surety.
The bond recites the levy of the execution for $1,270 upon the following slaves: Carter, aged 12 years, value $800; Nimrod, aged 7 years, value $400; and Jim, aged 4 years, value $300; and provides that if the above bound parties shall well and truly deliver the above mentioned property to Thomas J. Cusby, Sheriff, etc., to be sold at the market-house in the town of Columbia, on the 10th day of January, 1861, or shall pay or satisfy said execution and costs, then the above obligation to be void, otherwise to remain in full force and virtue.
The issue in the case is whether the slaves were tendered or delivered to the Sheriff at the time and place stipulated in the delivery bond.
Evidence upon this question was heard, and for the plaintiff in error it is insisted the weight of the testimony is that Carter and Nimrod, two of the slaves, were tendered to the Sheriff at the time and place fixed for the sale, while defendant in error insists that no such tender was in fact made, and that even if two of the three slaves mentioned in the bond had been offered or delivered to the Sheriff it would constitute no defense to this action, or fulfillment of the obligations of the bond.
The jury to whom the question was submitted found in favor of plaintiff below, and Galloway has appealed in error to this Court. The error assigned *711 here, and upon which plaintiff in error seeks a reversal, is upon the charge of the Court.
The defendant below requested the Court to charge the jury that “if they believed that property sufficient to pay the debt and satisfy the execution was delivered or tendered to the Sheriff, although all the prop-perty in the bond might not be so delivered or tendered, still this would be a sufficient delivery.”
The Circuit Judge refused to charge as requested, but instructed the jury that all the property described in the bond must be delivered or tendered at the time, and at or near the place designated, unless prevented by act of God, superior force or inevitable accident, before the security could be discharged to any extent, and that the Sheriff was the only judge of the sufficiency of the property tendered, and had a right to demand it all, and was not bound to receive a part.”
We do not think there was any error in this charge. The obligation of the bond was to deliver “all the above mentioned property,” or “pay and satisfy said execution,” otherwise the bond was to remain in full force and virtue.
The property levied on was barely sufficient, at its estimated value in the bond, to pay the debt, interest, and costs, amounting at the time of the levy to about $1,400. The Sheriff would have made himself personally liable, to have received in satisfaction of the bond a less amount of property than the obligors were bound to deliver, if the property had not brought enough to satisfy the execution.
*712 He is bound to strict diligence in such a case, and if he .incautiously surrenders a security for a debt in his hands for collection, he will be personally liable. Let the judgment be affirmed.